[Civ. No. 28022. First Dist., Div. Three. Jan. 17, 1972.]

ROBERT LEE DIXON et al., Plaintiffs and Appellants, v.
JOHN GROSSMAN, Defendant and Respondent.

## COUNSEL

Irving M. Liner and Lionel B. Benas for Plaintiffs and Appellants.

White & Chefsky and C. Wadsworth White for Defendant and Respondent.

## OPINION

**DRAPER, P. J.**—Plaintiffs-appellants paid in full to defendant-respondent their note which was secured by deed of trust. Promptly thereafter, and repeatedly until the filing of this action, they demanded reconveyance of the property. Respondent refused, asserting his right to $2,000 in attorneys fees allegedly arising from earlier litigation. Plaintiffs brought this action to quiet their title and for damages. The court, after trial to it without jury, found that respondent's claim for attorneys fees was not secured by the deed of trust. It quieted title in appellants, but denied all claims for damages. Plaintiffs appeal from this denial.

The court found that defense counsel, after plaintiffs' demand for reconveyance, had written to plaintiffs' attorney "I anticipate that you may wish to litigate this matter . . . . If this is your intention, I would be willing to recommend to Mr. Grossman that he authorize a reconveyance of the trust deed for the funds on hand and accept a $2,000 second trust deed subject to litigation of this issue." Appellants refused this offer, and it was subsequently withdrawn. Respondent has contended below and here that his offer so mitigated damages as to bar all recovery thereof.

Respondent's offer did mitigate damages insofar as concerns appellants' securing a loan upon the property. It would make respondent's lien junior to that of the prospective lender. As to possible sale, however, the second encumbrance would constitute a cloud upon the title of the purchaser, and thus impede sale. We recognize that the court, at trial, indicated the view that respondent's offer negated any recovery of damages. But the findings of fact constitute the final decision, and control over interim expressions. Finding 9 is that "there was no definite loss or damage suffered . . . by reason of" failure of the sale. The evidence supports this finding. The record shows only that the prospective purchaser offered to buy the property for $23,500. Questions raised as to his ability to complete such a purchase remain unanswered and the record does not, as a matter of law, require a finding of damage. It follows that appellants' claim of error in denial of compensatory damages is without foundation.

■ The statute, however, provides that one who refuses to reconvey "is liable to the . . . trustor, . . . for all damages which he . . . may sustain by reason of such refusal, and shall also forfeit to him . . . the sum of three hundred dollars" (Civ. Code, § 2941).

Respondent argues that the $300 is recoverable only if compensatory damages are proven. We find no case directly in point. The obvious statutory purpose is to encourage prompt reconveyance by penalizing unwarranted delay. It imposes a statutory penalty (see *Drewry* v. *Welch,* 236 Cal.App.2d 159, 174 [46 Cal.Rptr. 65]) which may properly be fixed without reference to the actual damages sustained (*Agudo* v. *County of Monterey,* 13 Cal.2d 285, 289 [89 P.2d 400]). We construe the statute to require payment of $300 in any event for wrongful withholding of reconveyance.

The judgment is modified to provide that appellant shall recover $300 from respondent. As so modified, the judgment is affirmed. Costs on appeal are awarded to appellants.

Brown (H. C.), J., and Caldecott, J., concurred.

A petition for a rehearing was denied February 16, 1972, and appellants' petition for a hearing by the Supreme Court was denied March 30, 1972.